UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L.,[1]<br>    Plaintiff<br>v.<br>ANDREW M. SAUL, Commissioner of Social Security,[2]<br>    Defendant. | Case No. 8:20-cv-01880-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Thomas L. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). [Dkts. 1, 4.] The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 7 and 9]. On February 1, 2021, Plaintiff filed a motion requesting the Court reverse the final decision of the Commissioner and remand this

---

[1]     In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2]     Andrew M. Saul, now Commissioner of the Social Security Administration, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

case for the payment of benefits. [Dkt. 13.] Upon reviewing Plaintiff's motion, the Commissioner offered to voluntarily remand the case pursuant to 42 U.S.C. § 405(g). [Dkt. 18.] Plaintiff, however, rejected Defendant's stipulated proposal. On March 30, 2021, in lieu of an opposition to Plaintiff's motion, Defendant filed a motion requesting the Court remand this action for further proceedings. [Dkt. 18.] On April 12, 2021, Plaintiff filed an opposition to the motion to remand requesting the Court grant summary judgment in his favor, reverse the decision of the Commissioner, and remand with instructions to award benefits. [Dkt. 20.] The matter is now ready for decision. Having reviewed the parties' positions, the Administrative Record ("AR"), and relevant legal authority, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff was born in 1981. [Administrative Record ("AR") 182-188.] Plaintiff primarily suffers from pain due to injuries sustained from a motorcycle accident in 2012 that injured his hand and heightened his depression. Prior to his injury, Plaintiff worked as a "help desk specialist." [AR 46.]

In 2013, the agency found Plaintiff disabled as of May 7, 2012. [AR 193.] On June 20, 2014, it was determined that Plaintiff had experienced medical improvement, he was no longer disabled, and that Plaintiff's benefits would terminate as of June 1, 2014. [AR 198-201.] Plaintiff requested reconsideration before a Disability Hearing Officer ("DHO"). [AR 145-158.] The DHO held a hearing and issued a decision upholding the determination of Plaintiff's medical improvement relating to his ability to work and finding him "not disabled." [AR 209-226.] Plaintiff appealed the DHO's decision and requested a hearing before an Administrative Law Judge. [AR 164.]

On January 8, 2020, a hearing was held before Administrative Law Judge Stacy Zimmerman. [AR 40-130.] During the hearing, at which Plaintiff appeared

without the assistance of an attorney, the ALJ heard testimony from Plaintiff and a vocational expert. [AR 40-130.] In a decision dated March 11, 2020, the ALJ made the following findings: at the time of the most recent favorable comparison point decision ("CPD"), Plaintiff had medically determinable impairments including: fractures of the right scapula and third, fourth, and fifth metacarpals of the right hand, status post open reduction internal fixation (ORIF) surgeries, secondary to a June 2012 motorcycle accident; and history of neck and back injuries secondary to a February 2012 accident. [AR 16.] These impairments were found to result in the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 1 hour in an 8-hour workday; sit for 6 hours in an 8-hour workday, with frequent breaks; occasionally use the right upper extremity for pushing, pulling, reaching, handling, fingering, and feeling; occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; never balance or climb ladders, ropes, or scaffolds; and avoid concentrated exposure to extreme cold, vibration, and hazards.

Since June 1, 2014, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. Medical improvement occurred on June 1, 2014. [AR 19.] Since June 1, 2014, Plaintiff had an RFC to perform a range of light work. Plaintiff's medical improvement was related to the ability to work because it resulted in an increase in his RFC. [AR 21.] Since June 1, 2014, Plaintiff was incapable of performing his past relevant work, but he could perform other work in the national economy. [AR 29.] Accordingly, Plaintiff's disability ended on June 1, 2014, and Plaintiff did not become disabled again since that date. [AR 29.]

Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council considered but ultimately denied, making the ALJ's decision the final decision of the Commissioner. [AR 1-3.] This appeal followed.

**III. GOVERNING STANDARD**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

**IV. DISCUSSION**

Plaintiff argues that this matter should be remanded for an immediate and permanent payment of benefits. Defendant concedes that this matter should be remanded, but argues that it should be remanded for further administrative proceedings. Specifically, Defendant requests that this Court remand the case to enable the Commissioner to re-evaluate the "treating and nonexamining source opinions" under the weighing rules in effect on June 26, 2014—the time of Plaintiff's medical improvement determination. [Dkt. 18 at 3.] Defendant explains that the Social Security Administration amended its regulations regarding the

consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. When reviewing Plaintiff's case, the ALJ applied the revised Social Security regulations effective March 27, 2017, however this was incorrect as Plaintiff's medical improvement determination occurred on June 26, 2014, before the revised regulations became effective. Thus, the agency's decision was reached through the application of the wrong legal standard.[3]

Because Defendant agrees that remand is appropriate, the only issue remaining to be decided is whether remand should be for the determination of benefits or for further proceedings. Defendant argues that further proceedings are necessary because issues remain to be decided, while Plaintiff argues that his claim should be remanded for the determination of benefits because remand for further proceedings would unnecessarily delay the resolution of this matter and he was unfairly prejudiced based on the "attitudes of the Secretary and subordinates" who enacted regulations to "ensure that there is no hint of impropriety or unfairness skewing the outcome of the determination process." [Dkt. 20 at 1.]; [Dkt. 13 at 12.]

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (*citing Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). However, under the credit-as-true rule, the Court may order an immediate award of benefits if three conditions are met. First, the Court asks, "whether the 'ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id.* (*quoting Garrison*, 759 F.3d at 1020). Second, the Court must "determine whether there are outstanding issues that must be resolved before a disability determination can be made, . . . and whether further administrative

---

[3] Defendant also argues that remand is necessary to resolve conflicts between the jobs identified by the vocational expert and the Dictionary of Occupational Titles.

5

proceedings would be useful." *Id.* (citations and internal quotation marks omitted). Third, the Court then "credit[s] the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.* (*citing Treichler*, 775 F.3d at 1101).

It is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." *Id.* at 1047. Further, even when all three criteria are met, whether to make a direct award of benefits or remand for further proceedings is within the district court's discretion. *Id.* at 1045(*citing Treichler*, 775 F.3d at 1101). While all three credit-as-true factors may be met, the record as a whole could still leave doubts as to whether the claimant is actually disabled. *Trevizo v. Berryhill*, 871 F.3d 664, 683 n.11 (9th Cir. 2017). In such instances, remand for further development of the record is warranted. *Id.*

The Court now analyzes the three-step framework to deduce whether this is a rare circumstance where the Court may decide not to remand for further proceedings. *See Treichler*, 775 F.3d at 1103. As to the first step, Defendant is correct in asserting that the revised regulations that became effective on March 27, 2017 do not apply to this case. Thus, the ALJ's evaluation of the medical evidence using the revised standard was error.

Second, the Court determines whether further administrative proceedings would serve no useful purpose by considering whether the record has conflicts, ambiguities, gaps, or unresolved factual issues. *Id*. at 1104. In conducting the second step, the Court considers whether there are inconsistencies between the improperly rejected evidence and the medical evidence in the record. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (*quoting Treichler*, 775 F.3d at 1105). Here, further administrative proceedings are necessary because the ALJ's analysis and opinion is derived from an application of the incorrect legal

standard. When the Appeals Council instructed the ALJ to re-adjudicate the medical improvement determination, the Appeals Council expressly instructed the ALJ to "evaluate the treating and nontreating source opinions" in accordance with the provisions" in effect during 2014, "and explain the weight given to such opinion evidence." [AR 14, 191.] Although the ALJ acknowledged that instruction (AR 14), the ALJ did not apply the weighing rules in effect during 2014; instead, the ALJ applied the persuasiveness rules governing medical opinions under the revised regulations that became effective after March 27, 2017. [AR 20, 21, 25, 26; *see also* AR 23.] This error caused the ALJ to improperly assess the medical evidence that opined on Plaintiff's capacity to perform relevant functions. Thus, the ALJ's decision should be remanded for further proceedings.

Finally, while the Court sympathizes with Plaintiff that remand will cause further delay, this alone cannot be the basis for Plaintiff's requested relief. *See Treichler*, 775 F.3d at 1106. The case at bar is not "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Rather, remand is necessary for reevaluation of the medical evidence, after which the ALJ must conduct a new sequential evaluation, make new credibility findings, give legally sufficient reasons for the rejection of probative evidence from acceptable medical sources as well as other sources, and make new findings regarding Plaintiffs residual functional capacity. Accordingly, the Court finds that remand for further proceedings is the appropriate remedy here.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant's Motion to Remand be GRANTED;

(2) Plaintiff's Motion for Summary Judgment be DENIED, in part;

(3) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

administrative proceedings consistent with this Order; and

(4) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: June 25, 2021

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE